**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3141-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TARIK A. DUPREE,

    Defendant-Appellant.

_____

Submitted June 2, 2020 – Decided July 10, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-01-0005.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tarik Dupree appeals from a December 19, 2018 order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was charged in an indictment with: first-degree armed robbery, in violation of N.J.S.A. 2C:15-1(a)(2) (counts one to three); third-degree terroristic threats, in violation of N.J.S.A. 2C:12-3(b) (counts four to six); third-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(d) (counts seven to nine); and fourth-degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5(d) (counts ten to twelve).

The counts related to three separate robberies that took place on June 22, June 23 and July 3, 2010. The charges relating to the June 23, 2010 armed robbery were later dismissed.

The case was tried before a jury in March 2013. After the jury was charged, and excused to begin its deliberations, defense counsel advised the court about an incident involving defendant's grandmother, Cheryl, and a juror. Counsel stated Cheryl had just told him that she "was having lunch . . . yesterday downstairs in the courthouse with . . . [defendant's] father discussing the case. When they got up from lunch they saw [Juror Seven] . . . sitting next to them." Defense counsel stated it was unknown whether Juror Seven heard any of the conversation.

A-3141-18T1

The judge instructed the jury to stop its deliberations and brought Juror Seven into the courtroom. The judge inquired of the juror whether she had eaten lunch in the courthouse cafeteria the previous day. The juror responded she had lunch in a restaurant outside the courthouse the day before.

Defense counsel then advised the court that Cheryl said the incident might have been two days earlier. Juror Seven stated she had only eaten lunch in the courthouse one day. During that time, she did not overhear any conversations about the case from anyone sitting near her. After the prosecutor and defense counsel declined to ask any questions of the juror, she was excused to continue deliberations with the remainder of the jury.

Later that afternoon, the jury found defendant guilty of only the offenses related to the July 3, 2010 armed robbery: first-degree armed robbery (count three); third-degree terroristic threats (count six); third-degree possession of a weapon for an unlawful purpose (count nine); and fourth-degree unlawful possession of a weapon (count twelve). After merging counts nine and twelve into count three, the court sentenced defendant to twenty years' imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, for first-degree armed robbery; and five years' imprisonment, concurrent to the sentence imposed on count three, for third-degree terroristic threats.

A-3141-18T1

We affirmed defendant's convictions and sentence. <u>State v. Dupree</u>, No. A-3474-14 (App. Div. Feb. 17, 2017) (slip op. at 1, 20).

In May 2017, defendant filed a PCR petition. He argued trial counsel was ineffective in: (1) failing to object to references in defendant's statement that he was a suspect in other criminal offenses or bad acts; and (2) failing to request the court to take testimony from defendant's family regarding the incident with Juror Seven. Defendant contended appellate counsel was ineffective in not raising the incident with Juror Seven on direct appeal and in failing to argue the sentence was excessive.

In support of his petition, defendant submitted a report dated February 26, 2018, documenting an investigator's interview with Cheryl taken that day. The report provides the following description of the interview:

> [Cheryl] explained that she does not recall if this incident took place before or after the jury was charged, however; she believes testimony was done. [Cheryl] remembers [defendant] standing at counsel table or maybe he was testifying, she is not very clear on that part either, when she heard [defendant] say something like "I didn't do that when I robbed the lady." [Cheryl] stated she is not sure if [defendant] said "lady" or used another word but the inference was that he was referring to a female.
>
> Shortly thereafter, [Cheryl] said she and her son, . . . [defendant's] father, went to the cafeteria in the basement of the courthouse to . . . [eat lunch]. She said

she and her son[] . . . were sitting down talking and she asked her son if he had heard what [defendant] said. Her son asked her what she was talking about and she said, "that boy hung himself," and she repeated what [defendant] had said. [Cheryl] made a point to let this investigator know that she has a loud voice.

[Cheryl] stated when she was getting ready to get up to leave, she saw a juror sitting at the table right behind her. [Cheryl] said she speaks loud[ly] and there is no way the juror didn't hear the conversation she was having with her son.

According to [Cheryl], when she went back to the courtroom, she asked to speak to the judge. [Cheryl] was very concerned that she might have said something that would incriminate her grandson. She explained to the judge what had happened in the cafeteria. . . . The judge questioned the juror who denied hearing any conversation between [Cheryl] and . . . [defendant's father]. The juror was excused and sent back to join the other jurors.

Following argument on the petition, the court issued a comprehensive written decision on December 19, 2018, finding defendant had not presented a prima facie claim of ineffective assistance of counsel and an evidentiary hearing was not required. The petition was denied.

In addressing defendant's assertion regarding the incident with Juror Seven, the court stated:

The [trial judge] was satisfied there was no taint. Neither counsel asked any questions. The court

determined nothing more was required and counsel agreed.

Here, no affidavits or certifications have been provided. The only attachment is an investigation report of Evelyn Gonzalez-Dones, dated February 26, 2018. It is hearsay and not a proper source of evidence. [Cheryl] did not know the date of the alleged incident in the lunch area. However, it must have been at least three days previously. Why did the family wait till the jury was sent out to let the attorney know of the allegation? Did they want to wait to see if the juror was chosen? Their motives, as well as their memory, may be tainted.

[Defendant] has failed to prove a <u>prima facie case</u> on this issue, so no evidentiary hearing will be granted. Additionally, this matter could have been raised on direct appeal. In as much as the court found no basis for an evidentiary hearing, appellate counsel was not ineffective for not raising the issue o[n] direct appeal.

On appeal, defendant raises the following issues:

POINT I. DURING THE TRIAL, WHEN THE COURT FAILED TO MAKE A FULL INVESTIGATION REGARDING THE CLAIM OF A POTENTIALLY TAINTED JUROR, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT.

POINT II. BECAUSE THE PETITIONER MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

POINT III. PCR COUNSEL WAS INEFFECTIVE FOR NOT SUBMITTING AFFIDAVITS SUBSTANTIATING THE PETITIONER'S CLAIMS.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

In order to prevail on an ineffective assistance of counsel claim, defendant must satisfy a two-pronged test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that defendant failed to demonstrate trial counsel was ineffective under the Strickland-Fritz test, and we affirm substantially for the reasons expressed by the PCR court.

Defendant asserts that trial counsel was ineffective when he failed to ask the court to take testimony from Cheryl. Defendant contends such testimony, if

7

believed by the court, would have impeached Juror Seven's claim that nothing was overheard and could have led to a mistrial.

As stated, trial counsel alerted the court of the alleged incident involving Cheryl following the jury's departure from the courtroom to begin its deliberations. The court immediately instructed the jury to stop deliberating and brought Juror Seven into the courtroom. The court then inquired of Juror Seven whether she had eaten lunch in the courthouse cafeteria and whether she had overheard any conversations regarding the case while she was in the cafeteria.

Cheryl reported to defense counsel that the incident had occurred the previous day. After Juror Seven stated she had not been in the cafeteria the prior day, Cheryl stated it might have been another day. The juror responded she had eaten in the cafeteria only one day and had not heard anyone discussing the case. The juror was then permitted to return to the jury room to continue deliberations.

We are satisfied defendant has failed to establish any deficiency in counsel's performance. Defense counsel promptly brought the incident to the court's attention directly after Cheryl informed him about it. The court immediately conducted an inquiry of the juror. Based on Juror Seven's answers to the court's questions, there was nothing more for defense counsel to ask her as Cheryl presented no further information to him.

In addition, even assuming trial counsel was ineffective for not requesting the court investigate the matter further, defendant has not shown there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 694). Because the juror denied hearing any conversation about the case outside the courtroom, any questioning of Cheryl or defendant's father would have been fruitless. Moreover, since Cheryl only alleged Juror Seven might have overheard her, there were no grounds to support questioning of any of the other jurors.

We also note defendant did not present any affidavits or certifications to support his allegations of ineffective assistance of counsel. The investigation report was hearsay and only purported to document a statement taken from Cheryl five years after these events. The report did not provide any further information other than what Cheryl had presented to the court.

Defendant states, for the first time on appeal, that PCR counsel was ineffective because he failed to have him and his family members prepare certifications or affidavits in support of his PCR petition. We decline to consider this argument as it was not raised to the PCR court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Because defendant has not demonstrated a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing and the petition was properly denied. See State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3141-18T1